# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| United States of America, | ) | |
| --- | --- | --- |
| | ) | Criminal Action No. 3:16-cr-00560-JMC-5 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Harry Michael White, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is a motion by Defendant Harry Michael White ("Defendant") to dismiss the original indictment returned against him (ECF No. 132) pursuant to Fed. R. Crim. P. 12(b)(3)(A)(v), which, for the reasons that follow, the court **DENIES**.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 2016, the Government filed a 20-count indictment ("original indictment") against Defendant and eight co-defendants arising from allegations of fraud in applying for and receiving benefits from federal programs established by the U.S. Department of Veterans Affairs and the Small Business Administration designed to assist qualifying small businesses. (*See* ECF No. 2.) The original indictment charges Defendant with conspiracy to defraud an agency of the United States, in violation of 18 U.S.C. § 371 (Count 1), and wire fraud, in violation of 18 U.S.C. § 1343 (Count 2). (*Id.*)

On October 18, 2016, Defendant filed the instant motion to dismiss the original indictment pursuant to Rule 12(b)(3)(A)(v). (ECF No. 132.) The motion raises two grounds for dismissal,

1

both of which are based on the alleged violations of Defendant's rights under the Grand Jury Clause of the Fifth Amendment.[1]

First, Defendant argues that his rights were violated when the federal prosecutor in this matter answered a question posed by a juror at the grand jury hearing. (*See* ECF No. 132-1 at 2-5.) During the testimony of a federal law enforcement agent, the juror asked whether the federal government has a system in place to prevent fraudulent conduct like that alleged in the original indictment from occurring. (*See id.* at 2.)[2] When the agent did not respond, the federal prosecutor stated, "I think—I think the answer is that this is it. This is the system." (*Id.* at 3.) Upon a follow-up question from the jury, the agent testified that "usually stuff like this—is so close knit within the company that essentially the only deterrence is—is right here." (*Id.*)

Defendant argues that the prosecutor's statement was impermissible during the grand jury hearing because he "assume[d] the role of both advocate and witness." (*Id.* at 5; *see id.* at 3 (noting that the prosecutor was "not a sworn witness").) In Defendant's view, the prosecutor should not have answered the juror's question, and doing so amounted to a violation of his ethical responsibilities. (*See id.* at 5 (citing *Washington v. Hofbauer*, 228 F.3d 689, 709 (6th Cir. 2000); U.S. Dep't of Justice, U.S. Attorneys' Manual § 9-11.010 (1997); Model Code of Prof'l Responsibility EC 5-9 (Am. Bar Ass'n 1980)).) Strangely, Defendant also argues that the prosecutor had an obligation to answer the juror's question and to do so accurately. (*See id.*) In

---

[1] "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury . . . ." U.S. Const. amend. V.

[2] Although Defendant's motion quotes from a transcript of the grand jury hearing (*see* ECF No. 132-1 at 2-3), that transcript is not in the record. Nevertheless, because the Government has not disputed the accuracy of the quotations and because the court concludes that, even accepting their accuracy, the motion should be denied, the court assumes *arguendo* that the quotations included in Defendant's motion are accurate.

Defendant's view, however, the prosecutor misled the grand jury by offering an inaccurate or incomplete answer to the question. (*See id.*) The prosecutor, Defendant contends, should have informed the jury that the federal government has means other than criminal prosecution—such as administrative proceedings, suspension, debarment, and civil claims brought in a suit by the government or in a *qui tam* action—to address alleged fraud in the administration of the programs at issue. (*See id.* at 3-4 (citing the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; 15 U.S.C. § 645; 13 C.F.R. §§ 124.1015, 125.32,[3] 127.700).) Defendant asserts that "[h]ad the grand jury been accurately and fully informed about the range of options available, [it] may well have concluded, as was [its] prerogative, that criminal prosecution was not necessary in this case." (*Id.* at 5; *see also id.* at 4 (explaining that, if it had been informed of other enforcement mechanisms, the grand jury "could have decided not to return a true bill because the case could proceed as a civil suit," but, because it was "given a false and misleading answer," it was "left to believe the only option to address the problems was criminal prosecution").)

Second, Defendant argues that his rights were violated when the prosecutor interrupted a juror's comment. (*See id.* at 3, 5-6.) The juror, apparently in an effort to explain her perception that alternative enforcement mechanisms might exist, began to relate that her relative had filed paperwork in connection with one of the programs at issue or a similar federal small-business assistance program. (*See id.* at 3.) Before her explanation proceeded any further, the prosecutor interrupted, stating "I'm going to stop you right there . . . . [U]nfortunately, we can't get into personal facts about . . . other [circumstances]." (*Id.*) Defendant asserts that the prosecutor's

---

[3] Defendant actually cites to 13 C.F.R. § 125.29 (*see* ECF 132-1 at 4), but it appears that § 125.32 is the correct citation.

interruption was "improper and unfair," as the juror was "entitled to share her knowledge and experience with the grand jury" and was "free to bring with [her] [her] own life experiences and [her] common sense." (*Id.* at 3, 6.) Defendant explains that the prosecutor improperly influenced the jury, which amounts to an ethical violation (*see id.* at 6 (citing U.S. Dep't of Justice, U.S. Attorneys' Manual § 9-11.010)), and that he abused his special relationship to the grand jury, which amounts to a violation of Defendant's constitutional rights (*see id.* (citing *United States v. Serubo*, 604 F.2d 807, 817 (3d Cir. 1979))).

In response, the Government argues that Defendant's assertions are not enough to overcome the presumption of regularity that cloaks grand jury proceedings. (*See* ECF No. 137 at 1-3 (citing *United States v. R. Enters., Inc.*, 498 U.S. 292, 301 (1991); *United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612 (E.D. Va. 2004)).) In the Government's view, allegations of misconduct at a grand jury hearing should not result in dismissal of the indictment unless the misconduct is alleged to undermine the grand jury's determination that there is probable cause to believe that the accused committed the offense asserted. (*See id.* at 4 (citing *United States v. Calandra*, 414 U.S. 338 (1974)).) Absent this sort of prejudice from the alleged misconduct, the Government explains, dismissal is inappropriate. (*See id.* at 3-4 (citing *Bank of N.S. v. United States*, 487 U.S. 250, 251 (1988); *United States v. Chapman*, 209 F. App'x 253, 274 (4th Cir. 2006) (argued but unpublished); *In re United States*, 441 F.3d 44 (1st Cir. 2006)).)

On February 24, 2017, the court held a hearing on the motion to dismiss and decided to take the matter under advisement. (*See* ECF No. 185.) Thereafter, on March 22, 2017, the Government filed a 21-count superseding indictment ("superseding indictment") against

Defendant and his co-defendants.[4] (ECF No. 204.) Count 1 in the superseding indictment charges Defendant with substantially the same offense—conspiracy to defraud an agency of the United States, in violation of § 371—as charged in Count 1 in the original indictment. (*Compare* ECF No. 2 at 1-15, *with* ECF No. 204 at 1-14.)[5] The superseding indictment omits the § 1343 wire fraud charge against Defendant found in Count 2 of the original indictment, but it includes, in Count 11, a charge against Defendant for major fraud, in violation of 18 U.S.C. § 1031, that had been charged only against several co-defendants in Count 11 of the original indictment. (*Compare* ECF No. 2 at 24-25, *with* ECF No. 204 at 22-23.) Counts 21 and 22 of the superseding indictment, which are not found in the original indictment, assert against Defendant two counts of making materially false statements in a matter within the jurisdiction of a federal agency, in violation of 18 U.S.C. § 1001. (*See* ECF No. 204 at 27-28.)

## II. LEGAL STANDARD

Rule 12(b)(3)(A)(v) allows a defendant to move to dismiss an indictment based on an "error in the grand-jury proceeding or preliminary hearing." Fed. R. Civ. P. 12(b)(3)(A)(v). Dismissal of an indictment because of misconduct before the grand jury is appropriate only if the misconduct has constitutional dimensions or "amounts to a violation of one of those few, clear rules which were carefully drafted and approved by [the Supreme Court] and by Congress to ensure the integrity of the grand jury's functions." *United States v. Williams*, 504 U.S. 36, 46 (1992) (internal quotation marks and citation omitted). Defendants alleging such misconduct "bear the

---

[4] The counts in the superseding indictment are numbered as Counts 1 through 22, but the superseding indictment contains no Count 2. (*See* ECF No. 204.)

[5] The most relevant distinction between Count 1 of the original indictment and Count 1 of the superseding indictment appears to be the omission of ¶ 47(q) of the original indictment from the superseding indictment.

5

burden of rebutting the 'presumption of regularity attached to a grand jury's proceeding.'" *United States v. Alvarado*, 840 F.3d 184, 189 (4th Cir. 2016) (brackets omitted) (quoting *United States v. Bros. Constr. Co. of Ohio*, 219 F.3d 300, 314 (4th Cir. 2000)). However, even if a defendant meets his burden of establishing misconduct during the grand jury proceedings, at least where the misconduct does not amount to a constitutional violation, "dismissal of the indictment is appropriate only 'if it is established that the [misconduct] substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such [misconduct]." *Bank of N.S.*, 487 U.S. at 256 (quoting *United States v. Mechanik*, 475 U.S. 66, 78 (1986)). Because the court's authority to dismiss an otherwise facially valid indictment on the ground of misconduct during the grand jury proceedings "directly encroaches upon the fundamental role of the grand jury," the exercise of that authority "is appropriately reserved . . . for extremely limited circumstances." *Whitehouse v. U.S. Dist. Ct.*, 53 F.3d 1349, 1360 (1st Cir. 1995) (citing *Bank of N.S.,* 487 U.S. at 263).

### III. ANALYSIS

The grand jury's return of the superseding indictment raises the issue of whether Defendant's motion to dismiss the original indictment is now moot, an issue the court briefly addresses first. Concluding that the motion is not moot, the court then considers the merits of the motion to dismiss.

**A. Mootness**

"A 'superseding indictment' means a second indictment issued in the absence of a dismissal of a prior indictment." *United States v. Bowen*, 946 F.2d 734, 736 (10th Cir. 1991) (citing *United States v. Rojas-Contreras*, 474 U.S. 231, 237 (1985) (Blackman, J., concurring)). "A superseding indictment may be returned at any time before a trial on the merits of an earlier

6

indictment." *Id.* (citing *United States v. Herbst*, 565 F.2d 638, 643 (10th Cir. 1977)). Although it does not appear that the Fourth Circuit has addressed the issue, all other federal circuit courts with jurisdiction over appeals in criminal cases have concluded that, as a general rule, the filing of a superseding indictment does not have the effect of voiding previously filed indictments in the same criminal case and that both an original and a superseding indictment may co-exist prior to the trial's commencement. *See United States v. Hickey*, 580 F.3d 922, 930 (9th Cir. 2009) (collecting cases from the First, Third, Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits); *accord United States v. Hertular*, 562 F.3d 433, 450 (2d Cir. 2009); *United States v. Obi*, 85 F. App'x 440, 443-44 (6th Cir. 2003) (citing *United States v. Garcia*, 268 F.3d 407 (6th Cir. 2001), *overruled on other grounds by United States v. Leachman*, 309 F.3d 377, 383 (6th Cir.2002), *as recognized in Obi*, 85 F. App'x 440).[6] To avoid double jeopardy concerns, the government is required to proceed at trial against a defendant on only one of the pending indictments, *see United States v. Drasen*, 845 F.2d 731, 732 n.2 (7th Cir. 1988); *United States v. Stricklin*, 591 F.2d 1112, 1115 n.1 (5th Cir. 1979); *United States v. Cerilli*, 558 F.2d 697, 700 n.3 (3d Cir. 1977); *United States v. Bowles*, 183 F. Supp. 237, 242-43 (D. Me. 1958) (collecting cases), and the government customarily, but not always, moves to dismiss a prior indictment after a superseding indictment is filed. *See* 24 James Wm. Moore, *Moore's Federal Practice* § 607.06[1] (3d ed. 2016).

Despite the great weight of authority holding that an original and a superseding indictment may coexist before trial and that the filing of the latter does not invalidate the former, district courts in the Fourth Circuit have summarily denied motions to dismiss an original indictment on the

---

[6] *But see United States v. Goff*, 187 F. App'x 486, 491 (6th Cir. 2006) ("[J]ust as an amended complaint supplants the original complaint and becomes the only live complaint in a civil case, a superseding indictment supplants the earlier indictment and becomes the only indictment in force." (internal citation omitted)).

ground that the filing of a superseding indictment renders the motion moot, *see, e.g.*, *United States v. Sherman*, 784 F. Supp. 2d 618, 620 (W.D. Va. 2011); *United States v. Arrona*, No. DKC 10-0102, 2010 WL 3002044, at *1 (D. Md. July 29, 2010), as have district courts outside the Fourth Circuit, *see, e.g.*, *United States v. Maricle*, No. 6:09-16-KKC, 2013 WL 5883757, at *1 (E.D. Ky. Oct. 22, 2013); *United States v. George*, No. cr11-213Z, 2011 WL 4559122, at *2 n.2 (W.D. Wash. Sept. 29, 2011); *United States v. Ning Wen*, No. 04-cr-241, 2005 WL 2076724, at *1-2 (E.D. Wis. Aug. 24, 2005). In the absence of guidance from the Fourth Circuit, the court declines to adopt the approach taken by these district courts, which often deny such motions without explanation, and, instead holds to the proposition that logically follows from the decisions of the courts of appeals: because the filing of a superseding indictment does not void a prior indictment, a motion to dismiss the prior indictment is not mooted *ipso facto* by the mere filing of a superseding indictment. Of course, there may be certain situations in which the filing of a superseding indictment might render moot a motion to dismiss a prior indictment,[7] but the instant case does not appear to present one of those situations. Accordingly, the court decides the instant motion to dismiss on its merits.

**B. Merits**

Defendant grounds his motion to dismiss on two incidents of alleged misconduct. First, Defendant argues that the original indictment should be dismissed because the prosecutor answered a question, posed by one of the jurors, regarding alternative enforcement mechanisms.

---

[7] For instance, if the motion to dismiss identifies a deficiency on the face of the prior indictment, such as the failure to allege each element of the offense charged, a superseding indictment that charged the same offense and rectifies the deficiency might render the motion to dismiss moot. Similarly, if the motion is based on alleged misconduct before the grand jury that issued the prior indictment and such misconduct is absent from the proceedings of another grand jury that issued a superseding indictment that charged the same offenses as the prior indictment, then the motion to dismiss might be moot.

8

Defendant argues this amounted to misconduct either because the prosecutor impermissibly took on the role of a witness or because the prosecutor's answer constituted incorrect legal advice.

Although the misconduct alleged here can form the basis for a motion to dismiss the indictment, the court concludes that Defendant's argument for dismissal is without merit. A prosecutor's erroneous legal advice to a grand jury can amount to misconduct for which dismissal of an indictment is appropriate. *See United States v. Bowling*, 108 F. Supp. 3d 343, 352-53 (E.D.N.C. 2015); *United States v. Stevens*, 771 F. Supp. 2d 556, 567 (D. Md. 2011); 2 Susan W. Brenner & Lori E. Shaw, *Federal Grand Jury: A Guide to Law and Practice* § 21:21 (2d ed. 2016); 4 Wayne R. LaFave et al., *Criminal Procedure* § 15.7(6) (4th ed. 2016).[8] Likewise, a prosecutor's testifying as a witness before the grand jury can also amount to misconduct that warrants the dismissal of an indictment. *See* 2 Brenner & Shaw, *supra*, § 21:20; 4 LaFave et al., *supra*, § 15.7(c).[9]

However, even assuming (without deciding) that the prosecutor's response to the juror's question amounted to misconduct as either impermissible testimony or erroneous legal advice, the court concludes that Defendant has failed to show the requisite prejudice resulting from this

---

[8] One commentator notes, however, that, after the Supreme Court's decision in *Williams*, "a federal court presumably would lack authority even to dismiss on [this] ground unless [the offering of erroneous legal advice] violated a statute, court rule, or constitutional command." *See* 4 LaFave et al., *supra*, § 15.7(g). Defendant has pointed to no statute, court rule, or constitutional provision that designates a prosecutor's erroneous legal advice as misconduct sufficient to dismiss an indictment.

[9] There is some indication that, in this district at least, a prosecutor's offering testimony before a federal grand jury might not be grounds for dismissal of the indictment. To the extent that a federal prosecutor's grand jury testimony is thought to constitute misconduct based only on application of the state rules that govern the prosecutor's conduct, *see* 4 LaFave et al., *supra*, § 15.6(b) n.79, under the law of South Carolina, a prosecutor's testifying before a grand jury, alone, does not amount to misconduct, *see State v. Williams*, 312 S.E.2d 555, 555-56 (S.C. 1984) (citing *State v. Capps*, 275 S.E.2d 872, 872-73 (S.C. 1981)).

misconduct. Under *Bank of Nova Scotia*, dismissal based on a prosecutor's misconduct during grand jury proceedings "is appropriate only . . . if there is grave doubt that the decision to indict was free from the substantial influence of such [misconduct]." 487 U.S. at 256 (internal quotation marks omitted).[10] In assessing the extent to which the alleged misconduct substantially influenced the grand jury's decision to indict, the court preliminarily agrees with the Government that the misconduct here alleged had no bearing on the grand jury's probable cause determination. The gist of Defendant's argument is not that, absent the alleged misconduct, there was insufficient evidence to support a finding of probable cause that Defendant had committed a crime; rather, it is that, absent the alleged misconduct, the grand jury might have opted to forego an indictment on the ground that enforcement mechanisms other than criminal prosecution were available, despite the existence of probable cause to indict him. Thus, in the court's view, there is no doubt that the alleged misconduct had no influence on the grand jury's probable cause determination.

Yet, concluding that the misconduct had no bearing on the grand jury's probable cause determination does not end the matter entirely. *Bank of Nova Scotia* envisions a broader inquiry than merely asking whether the alleged misconduct influenced a probable cause determination; instead, it asks whether the defendant has demonstrated grave doubt that the decision to indict was not substantially influenced by the alleged misconduct.[11] Even under this broader inquiry,

---

[10] The court notes that the first half of *Bank of Nova Scotia*'s prejudice analysis—whether it is established that the misconduct substantially influenced the grand jury's decision to indict—appears to be subsumed by the second half—whether there is grave doubt that the grand jury's decision to indict was free from the substantial influence of the misconduct. *See* 4 LaFave et al., *supra*, § 15.6(e) ("The second prong of this standard obviously is the easier to meet. Indeed, the first prong presumably is encompassed by the second.").

[11] *But see United States v. Ilonia*, 125 F.3d 849, at * 3 (4th Cir. 1997) (unpublished table disposition) (suggesting prejudice analysis inquires whether the misconduct sufficiently undermined the grand jury's probable cause determination); *United States v. Thorne*, No. 3:13-cr-

however, the court concludes that Defendant has failed to establish the requisite prejudice. The only evidence in the record to which Defendant points are a few snippets of dialogue excised from the grand jury hearing transcript. Although these snippets disclose a desire on the part of one juror to know whether alternative enforcement mechanisms existed, the court simply cannot conclude from such meager crumbs that the grand jury would have elected to not indict Defendant had the prosecutor abstained from answering the juror's question or had he answered it in the manner Defendant proposes, nor can the court conclude that there is grave doubt whether the grand jury would have done so. *See United States v. Cannon*, No. 6:11-cr-02302-JMC-1, 2012 WL 5945049, at *3 (D.S.C. Nov. 28, 2012). To meet his burden, Defendant would have to show that, even in the face of a probable cause determination in the Government's favor, there is a reasonable probability that the grand jury would not have indicted him because an alternative method of enforcement was available. Although the court agrees with Defendant that the grand jury "could" have reached such a decision (*see* ECF No. 132-1 at 4), Defendant has neither argued nor demonstrated that such an outcome was reasonably probable. Because Defendant has not met his burden to demonstrate the requisite prejudice resulting from the alleged misconduct, dismissal is not warranted.

Second, Defendant argues that the original indictment should be dismissed because the prosecutor forestalled a juror's discussion of her relative's experiences with federal small-business assistance programs. Assuming that the prosecutor's action could amount to misconduct for which dismissal might be appropriate, the analysis would proceed much like Defendant's argument regarding the prosecutor's answer to the juror's question in the preceding paragraphs. Even if the action constituted misconduct, Defendant has failed to establish the required prejudice under *Bank*

---

00293-MOC-DCK, 2014 WL 4700687, at *4 (W.D.N.C. Sept. 22, 2014) (same); *United States v. Bowen*, No. 5:09-cr-202-5-BO, 2011 WL 832325, at *3 (E.D.N.C. March 3, 2011) (same).

11

*of Nova Scotia* because the court cannot conclude from the scraps of evidence presented to it that the there exists a reasonable probability that the grand jury would not have indicted Defendant if the prosecutor had not intervened in the discussion. In short, the evidence in the record (or more properly, its paucity) does not instill grave doubt in the court's mind that the decision to indict was free from the substantial influence of the alleged misconduct, especially in the face of an unchallenged finding of sufficient evidence to support probable cause.

However, before concluding that Defendant has failed to meet *Bank of Nova Scotia*'s prejudice requirement, the court must satisfy itself that the misconduct alleged in Defendant's second argument is of the type to which that requirement applies. In *Bank of Nova Scotia*, the Supreme Court expressly noted that it was not presented a case in which the "grand jury's independence was infringed." 487 U.S. at 259; *see* 4 LaFave et al., *supra*, § 15.6(e). Thus, it is not entirely clear from the Court's decision whether the prejudice requirement outlined in *Bank of Nova Scotia* applies to allegations, such as that advanced by Defendant here, of infringement on the grand jury's independence. *See* 4 LaFave et al., *supra*, § 15.6(e). Nevertheless, the decision can be understood to view such infringement in the same manner as other forms of misconduct, such that, for dismissal to be appropriate, a defendant alleging infringement-of-independence must still meet the prejudice requirement set forth in *Bank of Nova Scotia*. *See* 4 LaFave et al., *supra*, § 15.6(e). Indeed, courts interpreting and applying *Bank of Nova Scotia*'s principles have determined that a defendant still must meet the prejudice requirement even if he demonstrates that the grand jury's independence had been infringed. *See id.* (citing *United States v. Lamantia*, 59 F.3d 705 (7th Cir. 1995); *United States v. Edmonson*, 962 F.2d 1535 (10th Cir. 1992); *United States v. Larrazolo*, 869 F.2d 1354 (9th Cir. 1989), *overruled on other grounds by Midland Asphalt Corp. v. United States*, 489 U.S. 794 (1989), *as recognized in United States v. Ray*, 375 F.3d 980 (9th

12

Cir. 2004)). The court agrees with this understanding of *Bank of Nova Scotia* and notes that it accords with the broad applicability of *Bank of Nova Scotia*'s prejudice requirement espoused by the Fourth Circuit in *United States v. Derrick*, 163 F.3d 799 (4th Cir. 1998). Thus, the court concludes that, in asserting that the prosecutor's interruption of the juror infringed on the grand jury's independence, Defendant must nonetheless demonstrate resulting prejudice from such misconduct in order to warrant dismissal of the original indictment. Because Defendant has not met his burden to demonstrate the requisite prejudice, dismissal is not appropriate.[12]

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the original indictment (ECF No. 132) is hereby **DENIED**.

**IT IS SO ORDERED**.

J. Michelle Childs

United States District Court Judge

May 3, 2017
Columbia, South Carolina

---

[12] It is also not entirely clear from *Bank of Nova Scotia* whether the prejudice requirement would apply to allegations of constitutional error during the grand jury proceedings. *See* 487 U.S. at 258; 4 LaFave et al., *supra*, § 15.6(e). Although Defendant suggests that the prosecutor's interruption of the juror's discussion amounted to a constitutional violation, he does not identify the constitutional provision at issue or otherwise develop the argument. Accordingly, the court declines to delve further into this line of inquiry.